**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 2 4 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS,
DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS,
and DASHAY SCOTT,

                                Plaintiffs,

             -against-

CITY OF NEW YORK, JESSICA NIEVES, Individually,
JOSEPH TRIPI, Individually, FRANK MUIRHEAD,
Individually, MICHAEL HOTALING, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                              Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

**CV 14** Docket No. **4460**

Jury Trial Demanded

**KUNTZ, J.**

**BLOOM, M.J.**

Plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ,

VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT, by their attorneys,

Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff CHINA NISBETH is a nineteen year old African American woman who resides in Staten Island, New York.

7.      Plaintiff AMANDA CRUZ is a thirty-one year Hispanic American woman who resides in Staten Island, New York.

8.      Plaintiff ANDRE BONDS is a twenty-six year old African American man who resides in Staten Island, New York.

9.      Plaintiff DIANA LETRYZ is a twenty-two year old African American woman who resides in Staten Island, New York.

10.     Plaintiff VERNEST PAGE is a thirty-three year old African American man who resides in Staten Island, New York.

11.     Plaintiff JONATHAN MORRIS is a thirty-one year old African American man who resides in Staten Island, New York.

12.     Plaintiff DASHAY SCOTT is an eighteen year old African American woman who resides in Staten Island, New York.

13.     Defendant CITY OF NEW YORK was and is a municipal corporation duly

2

organized and existing under and by virtue of the laws of the State of New York.

14.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

15.     That at all times hereinafter mentioned, the individually named defendants JESSICA NIEVES, JOSEPH TRIPI, FRANK MUIRHEAD, MICHAEL HOTALING, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

16.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

17.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

18.     On July 26, 2011, at approximately 4:00 p.m., plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT were lawfully present in the vicinity of 142 Hendricks Ave, Staten Island, New York.

19.     At the aforesaid time and place, defendant NYPD officers JESSICA NIEVES,

3

JOSEPH TRIPI, FRANK MUIRHEAD, MICHAEL HOTALING, and JOHN and JANE DOE 1 through 10, approached plaintiffs and arrested them despite lacking probable cause to do so.

20.     In the course of arresting plaintiff BONDS, an officer threw BONDS to the ground and placed over tight handcuffs on his wrists, causing him unnecessary pain and suffering.

21.     In the course of arresting plaintiff MORRIS, an officer grabbed MORRIS, put him against a fence, and placed over tight handcuffs on his wrists, causing him unnecessary pain and suffering.

22.     In the course of arresting plaintiff NISBETH, an officer placed over tight handcuffs on her wrists, causing her pain and suffering.

23.     After arresting, assaulting and/or battering plaintiffs, the defendant officers imprisoned plaintiffs in a police vehicle and transported plaintiffs to the 120th NYPD police precinct.

24.     The defendant officers imprisoned plaintiff NISBETH inside the 120th police precinct until approximately 9:00 p.m., on July 26, 2011, when defendant NIEVES released plaintiff NISBETH with a summons based on false allegations provided to her by defendant HOTALING, which falsely charged NISBETH with purportedly committing disorderly conduct, and which compelled NISBETH's appearance in Richmond County Criminal Court on October 5, 2011.

25.     The defendant officers imprisoned plaintiff SCOTT inside the 120th police precinct until approximately 9:00 p.m., on July 26, 2011, when plaintiff SCOTT was released with a summons based on false allegations provided to her by defendant HOTALING which

4

falsely charged SCOTT with purportedly committing disorderly conduct and which compelled SCOTT's appearance in Richmond County Criminal Court on October 5, 2011.

26.     The defendant officers imprisoned plaintiff BONDS inside the 120th police precinct until approximately 2:00 a.m., on July 27, 2011, when defendant MUIRHEAD released plaintiff BONDS with a summons based on false allegations provided to him by defendant HOTALING, which falsely charged BONDS with purportedly committing disorderly conduct and which compelled BONDS' appearance in Richmond County Criminal Court on October 5, 2011.

27.     The defendant officers imprisoned plaintiff CRUZ, who, at the time, was approximately eight months pregnant, inside the 120th police precinct until approximately 10:00 p.m., on July 26, 2011, when defendant NIEVES released plaintiff CRUZ with a summons based on false allegations provided to her by defendant HOTALING, which falsely charged CRUZ with purportedly committing disorderly conduct and which compelled CRUZ's appearance in Richmond County Criminal Court on October 5, 2011.

28.     The defendant officers imprisoned plaintiff LETRYZ handcuffed inside an office in the 120th police precinct until approximately 12:00 a.m., on July 27, 2011, when defendant NIEVES released LETRYZ with a summons, purportedly based on false allegations provided to her by defendant HOTALING, which falsely charged LETRYZ with purportedly committing disorderly conduct and which compelled LETRYZ's appearance in Richmond County Criminal Court on October 5, 2011.

29.     The defendant officers imprisoned plaintiff PAGE inside the 120th police precinct until approximately 12:00 a.m., on July 27, 2011, when defendant TRIPI released plaintiff PAGE

with a summons which falsely charged PAGE with purportedly committing disorderly conduct based on TRIPI's false allegations, and which compelled PAGE's appearance in Richmond County Criminal Court on October 5, 2011.

30.     The defendant officers imprisoned plaintiff MORRIS inside the 120th police precinct until approximately 12:00 a.m., on July 27, 2011, when defendant TRIPI released plaintiff MORRIS with a summons which falsely charged MORRIS with purportedly committing disorderly conduct based on TRIPI'S false allegations, and which compelled MORRIS'S appearance in Richmond County Criminal Court on October 5, 2011.

31.     The defendants initiated said prosecutions with malice, and otherwise caused said prosecutions to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or to avoid discipline for the above mentioned abuses of authority.

32.     Defendant police officers NIEVES, TRIPI, MUIRHEAD, and HOTALING created and manufactured false evidence against plaintiffs and caused said false evidence to be used against them.  Specifically, the defendant officers swore to false allegations which formed the basis of the charges filed against plaintiffs in Richmond County Criminal Court.

33.     Plaintiffs NISBETH, BONDS, CRUZ, LETRYZ, PAGE, and MORRIS, appeared as required on October 5, 2011 when all charges filed against plaintiffs NISBETH, BONDS, LETRYZ, and MORRIS were dismissed and sealed.  Plaintiffs CRUZ and PAGE were compelled to return to Richmond County Criminal Court on October 26, 2011, on which date all charges were dismissed against CRUZ and PAGE after it was determined by the presiding judge that the summonses were legally insufficient.

6

34.     Plaintiff SCOTT appeared in Richmond County Criminal Court on July 13, 2014, on which date all the charges lodged against her were adjourned in contemplation of dismissal.

35.     Defendants NIEVES, TRIPI, MUIRHEAD, HOTALING, and JOHN and JANE DOE 1 through 10 either directly participated and/or failed to intervene in the illegal conduct described herein.

36.     Defendant HOTALING, who holds the rank of lieutenant, supervised defendants NIEVES, TRIPI, MUIRHEAD, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise directly participated in the arrest and prosecution of the plaintiffs.

37.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and pursuant to a custom or practice of falsification.

38.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained and improperly abuse their authority to arrest individuals and commit perjury or manufacture evidence to convict such individuals in order to cover up their misconduct.

39.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

40.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

41.    As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

42.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

44.    All of the aforementioned acts deprived plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

45.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

8

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48. As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants arrested plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT without probable cause, causing them to be detained against their will for an extended period of time and subjected them to physical restraints.

51. Defendants caused plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT to be falsely arrested and unlawfully imprisoned.

52.     As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

53.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs CHINA NISBETH, ANDRE BONDS, and JONATHAN MORRIS'S constitutional rights.

55.     As a result of the aforementioned conduct of defendants, plaintiffs CHINA NISBETH, ANDRE BONDS, and JONATHAN MORRIS were subjected to excessive force and sustained physical injuries and emotional distress.

56.     As a result of the foregoing, plaintiffs CHINA NISBETH, ANDRE BONDS, and JONATHAN MORRIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

57.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

10

58.     Defendants maliciously issued criminal process against plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT by causing them to be arraigned and prosecuted in Richmond County Criminal Court.

59.     Defendants caused plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or to avoid discipline for the above mentioned abuses of authority.

60.     As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

61.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, and JONATHAN MORRIS.

63.     Defendants caused plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, and JONATHAN MORRIS to be prosecuted

11

without any probable cause until the charges were dismissed on October 26, 2011.

64.     As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

65.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants created false evidence against plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT.

67.     Defendants utilized this false evidence against plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT in legal proceedings.

68.     As a result of defendants' creation and use of false evidence, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT suffered violations of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

69.     As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT are entitled to compensatory damages in an amount to be fixed by a jury, and

are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

70.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendants had an affirmative duty to intervene on behalf of plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT whose constitutional rights were being violated in their presence by other officers.

72.     The defendants failed to intervene to prevent the unlawful conduct described herein.

73.     As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT were subjected to false arrest, their liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

74.     As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

13

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

75.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

77.     As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

78.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

80.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, engaging in falsification, including arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to cover up their acts of misconduct or for other

14

collateral objectives. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

81.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT.

82.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT as alleged herein.

83.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and

15

DASHAY SCOTT as alleged herein.

84.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT were unlawfully seized, detained, incarcerated, searched, and prosecuted.

85.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT'S constitutional rights.

86.     All of the foregoing acts by defendants deprived plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT of federally protected rights, including, but not limited to, the right:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from seizure and arrest not based upon probable cause;

        C.    To be free from malicious abuse of process and/or malicious prosecution;

        D.    To be free from false imprisonment/arrest;

        E.    Not to be deprived of their right to fair trial; and

        F.    To be free from the failure to intervene;

87.     As a result of the foregoing, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and

16

DASHAY SCOTT are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs CHINA NISBETH, AMANDA CRUZ, ANDRE BONDS, DIANA LETRYZ, VERNEST PAGE, JONATHAN MORRIS, and DASHAY SCOTT, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 24, 2014

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiffs CHINA NISBETH,
> AMANDA CRUZ, ANDRE BONDS,
> DIANA LETRYZ, VERNEST PAGE,
> JONATHAN MORRIS, and DASHAY SCOTT
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By:    _____
> JASON LEVENTHAL (JL1067)
> BRETT H. KLEIN (BK4744)

17